UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRANDON WILDER,

Defendant.

No. 1:26-cr-098

Hon. ROBERT J. JONKER
U.S. District Judge

# PLEA AGREEMENT

This constitutes the plea agreement between Brandon Wilder and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. Plea to Information. Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Information, charging unlawful carrying away of firearms from a federal firearms licensee, in violation of Title 18, United States Code, Section 922(u).

2. Defendant Understands the Crime. In order for Defendant to be guilty of violating Title 18, United States Code, Section 922(u), the following must be true: (1) Defendant knowingly stole or unlawfully carried away a firearm (2) from the person or premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, and (3) the firearm had been shipped or transported in interstate or foreign commerce.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. Defendant Understands the Penalty. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(u), is the following: ten years of imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

4. Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.

a. Assessment. Defendant agrees to pay the special assessment on the day of sentencing.

b. Restitution. Defendant acknowledges the Court will order restitution as required by law. Pursuant to Title 18 United States Cod, Sections 3663(a)(3) 3663A(a)(3), Defendant agrees to pay restitution for losses to all victims, including victims of the count of conviction, and victims of uncharged relevant conduct in which Defendant has been involved. Pursuant to Title 18, United States Code, Section 3663A(c) Defendant agrees that a crime against property gave rise to this plea agreement. The amount of restitution is currently unknown and will be determined by the Court at sentencing.

c. Sale of Personal Firearms. Defendant agrees that he will enter into an agreement with ATF and the U.S. Attorney's Office to allow Business 1, or another federally licensed firearm dealer, to sell all personal firearms and ammunition seized from Defendant's home by law enforcement on or about November 21, 2025, more

specifically described in Attachment A. On proof of payment in full of any criminal monetary penalties ordered by this Court, any remaining proceeds from the sale of Defendant's personal firearms outlined in Attachment A may be returned directly to Defendant. At no time shall the referenced firearms be transferred or sold to Defendant or to identified relatives or affiliates.

d. Financial Cooperation. Defendant also:

i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement; and

ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full.

5. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Asset Forfeiture and Financial Accountability.

a. <u>Disclosure of Information.</u> Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of Defendant's illegal activities. Defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of, the offense charged in the Information. Defendant further agrees to forfeit all rights, title, and interest in and to such items.

b. <u>Cooperation Regarding Firearms Listed in Attachment B.</u> Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), which include, among other things, any firearm or ammunition involved in or used in any knowing violation under Title 18, United States Code, 922(u). Defendant agrees to forfeit to the United States all firearms and ammunition seized from Defendant's home by law enforcement on or about November 21, 2025, which were involved and used in Defendant's knowing violation of Title 18, United States Code, Section 922(u) as charged in the Information and more specifically identified in Attachment B.

Defendant admits that these firearms and ammunition are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). Defendant consents to the entry of a preliminary order of forfeiture concerning these firearms and ammunition at or before the time of sentencing. Defendant

agrees to withdraw his innocent owner claim filed on or about February 18, 2026 concerning this property.

Defendant also consents to the administrative forfeiture of the firearms and ammunition described in Attachment B. By consenting to administrative forfeiture, Defendant hereby waives any and all claims available to him in the administrative forfeiture proceeding, including any claim to timely notice and timely initiation of the administrative forfeiture proceeding. If the agency cannot complete administrative forfeiture, Defendant agrees to sign any paperwork necessary to abandon the firearms and ammunition described in Attachment B. If abandonment is not feasible, Defendant agrees to not contest a civil forfeiture action to forfeit the firearms and ammunition described in Attachment B. Defendant agrees not to assist any other individual in filing a claim to the property.

If requested by ATF or the U.S. Attorney's Office, Defendant will enter into an agreement authorizing ATF to release the firearms, referenced in Attachment B, to a federally licensed firearms dealer, including Business 1, for the purpose of being legally sold to a third party unrelated to Defendant.

c. Cooperation Regarding Firearms Listed in Attachment C. Defendant also consents to the administrative forfeiture of the firearms and ammunition described in Attachment C. By consenting to administrative forfeiture, Defendant hereby waives any and all claims available to him in the administrative forfeiture proceeding, including any claim to timely notice and timely initiation of the administrative forfeiture proceeding. If the agency cannot complete administrative forfeiture, Defendant agrees to sign any

paperwork necessary to abandon the firearms and ammunition described in Attachment B. If abandonment is not feasible, Defendant agrees to not contest a civil forfeiture action to forfeit the firearms and ammunition described in Attachment C. Defendant agrees not to assist any other individual in filing a claim to the firearms and ammunition described in Attachment C.

7. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> Between May of 2023 and November of 2025, Defendant worked with Person 1 and Person 2 to unlawfully take firearms from Business 1, a federal firearms licensee located in Kalamazoo, Michigan.
>
> During this time period, Business 1 allowed customers and employees to sell gun parts and/or gun merchandise to the store. Employees were authorized to make such purchases by awarding in-store credit to sellers.
>
> On multiple occasions, Defendant, Person 1, and Person 2 each awarded each other store credit that was fraudulent. The credit was fraudulent because it did not reflect the true value of merchandise that the coconspirators actually sold to the store. Sometimes, the coconspirators awarded each other store credit for completely fictional inventory.
>
> Defendant then used his fraudulently obtained store credit to "purchase" firearms from Business 1. Defendant knew these "purchases" were not lawful because he paid for them using the fraudulently obtained credit. Because Defendant made the "purchases" using fraudulent credit, he stole and unlawfully carried away firearms by taking them from Business 1 and bringing them to his residence.
>
> The firearms listed below are firearms that Defendant unlawfully stole and carried away from Business 1. Each of these firearms was manufactured outside the state of Michigan. Each was therefore shipped and transported in interstate or foreign commerce before Defendant took possession of them. Each of these firearms was also listed in the inventory of Business 1 at the time Defendant unlawfully took them.

- A Ratmil/Cugir/CIG ROMAK2 5.45x39;
- A Remington 870 Express Magnum, 12 GA Shotgun;
- An FN FN-49;
- A TERNI M42 Carcano rifle, 6.5x52mm;
- A Norinco/CSI 1911, pistol, .45 ACP;
- A Colt Python, revolver; and
- A Remington Sportsman 48, 12 GA Shotgun.

7. Cooperation in Criminal Investigations. Defendant agrees to fully cooperate with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charge contained in the Information, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any

criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. Non-Prosecution Agreement. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of Defendant's taking of any item of value from Business 1, and of Defendant's making of and possession of machineguns, provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement.

This promise of non-prosecution shall not include crimes of violence, to include crimes in violation of Chapter 110 of the United States Code (concerning sexual

exploitation of children), if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

10. Protection for the Proffered/Cooperative Statements. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

11. Possibility of Sentence Reduction Motions. The U.S. Attorney's Office will decide whether to file a motion for a downward variance or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise

by the Government to file a motion for a variance or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the government, would decide how much of a variance or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance. Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for variance or reduction of sentence, if such a motion is made.

12. The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. There is No Agreement About the Final Sentencing Guidelines Range. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and variances.

14. Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15. Waiver of Appellate Rights. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

16. FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Hyde Waiver. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

18. The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

19. This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

20. Consequences of Breach. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

21. This is the Complete Agreement. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

TIMOTHY VERHEY
United States Attorney

9/28/2026
Date

AUSTIN J. HAKES
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

09/25/2026
Date

BRANDON WILDER
Defendant

I am Brandon Wilder's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9/28/2026
Date

ANASTASE MARKOU
Attorney for Defendant